IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY PIKE, | § | |
| TDCJ NO. 557981, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3372 |
| | § | |
| BRAD LIVINGSTON, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Henry Pike, a TDCJ inmate incarcerated in the Allred Unit
located near Wichita, Texas, has filed a civil rights complaint
alleging that he has been compelled to work without compensation
and has been required to pay an annual fee for health care services
although he is allegedly an indigent inmate. Pike has not paid the
filing fee. Pike filed a lawsuit raising the same claims, which is
pending in the Wichita Falls Division of the Northern District of
Texas. Pike v. State of Texas, No. 7:12cv0123 (N.D. Tex.). The
Northern District Court issued an order staying that action because
there was a pending appeal concerning TDCJ's medical fee
requirement. Id., citing Morris v. Perry, No. 1:11cv739 (W.D. Tex.
2011). The United States Court of Appeals for the Fifth Circuit
subsequently issued an opinion upholding the constitutionality of
TDCJ's policy of requiring inmates to pay an annual fee for health
care services. Morris v. Livingston, 739 F.3d 740 (5th Cir. 2014).

Allowing Pike to proceed with the instant action would be redundant and an impermissible waste of judicial resources. See Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990). A prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal if the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993). See also Blakely v. Evans, 574 F. App'x 420 (5th Cir. June 30, 2014), citing Pittman.

Moreover, Pike's claims have no legal basis. As stated above, TDCJ may charge inmates fees for medical services as long as the inmates are not denied care on the basis that they are unable to pay. See Morris, 739 F.3d at 748-749. The Constitution guarantees prisoners the right to basic medical care, but it does not prohibit custodial officials from seeking reimbursement for providing services. Id., citing City of Revere v. Massachusetts General Hospital, 103 S. Ct. 2979, 2984 (1983). Pike's complaint about being compelled to work without pay is also baseless. The Thirteenth Amendment does not apply to incarcerated felons. Williams v. Henagan, 595 F.3d 610, 621-622 (5th Cir. 2010). Pike does not have a right to be paid for the work he has done in prison. Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006).

This prisoner action shall be dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). Wilson v. Lynaugh,

878 F.2d 846 (5th Cir. 1989) (in forma pauperis complaints may be dismissed under § 1915 if they attempt to relitigate claims that have already been submitted by the plaintiff and rejected by the courts), citing Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988).

Pike has not filed an application to proceed in forma pauperis, and he is therefore obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b) whenever he files a prisoner civil rights complaint in federal court. See Hatchet v. Nettles, 201 F.3d 651 (5th Cir. 2000). The Inmate Trust Fund of the Texas Department of Criminal Justice shall deduct 20% of each deposit made to Pike's account (No. 557981) and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### Conclusion

Accordingly, the court **ORDERS** as follows:

1.  Pike's Complaint Filed Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE** as frivolous and malicious. 28 U.S.C. § 1915(e)(2)(b)(i).

2.  The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division,

211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List; and the TDCJ Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060.

**SIGNED** at Houston, Texas, on this 4th day of December, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE